IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT ALBERT GRIFFIN, # 289332, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-67-WKW-CSC |
| | ) | (WO) |
| JOSEPH HEADLEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the Court on Alabama prisoner Robert Albert Griffin's petition for writ of habeas corpus under 28 U.S.C. § 2254, by which Griffin challenges his 2013 Elmore County murder conviction and resulting 25-year sentence. Doc. 1.[1] Respondents argue that Griffin's petition is time-barred under the AEDPA's one-year statute of limitations. For the reasons that follow, the Court agrees and recommends that Griffin's petition be denied without an evidentiary hearing and that this case be dismissed with prejudice.

### I.   BACKGROUND

**A.    State Court Proceedings**

   *1.    Griffin's Conviction and Direct Appeal*

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the Court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

On March 14, 2013, an Elmore County jury found Griffin guilty of murder, in violation of ALA. CODE § 13A-6-2. Doc. 12-4 at 52–53. On May 9, 2013, the trial court sentenced Griffin to 25 years in prison. *Id*. at 60–61.

Griffin appealed, arguing that (1) the trial court erred by refusing to allow testimony suggesting that Griffin's accomplice had implicated him to avoid punishment and (2) the trial court erred by refusing to allow a proposed jury instruction regarding corroboration of accomplice testimony. Doc. 12-5. On July 11, 2014, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Griffin's conviction and sentence. Doc. 12-8. Griffin applied for rehearing, which was overruled on August 8, 2014. Docs. 12-9 & 12-10. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on September 12, 2014. Docs. 12-11 & 12-12. A certificate of judgment was issued on that date. Doc. 12-13.

2.  ***Griffin's Alabama Rule 32 Petitions***

On October 29, 2014, Griffin filed a pro se petition in the trial court seeking postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[2] Doc. 12-14 at 8–27. In his Rule 32 petition, Griffin claimed that (1) newly discovered evidence regarding his arrest warrant required that his conviction and sentence be vacated; (2) there

---

[2] For the filing dates of Griffin's Rule 32 petition and his present habeas petition, this Court follows the inmate "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Under the mailbox rule, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 93 F.2d 776, 780 (11th Cir. 1993). In this circuit, absent evidence to the contrary, courts will assume that a prisoner delivered a filing to prison officials on the date he represents that he signed it. *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

was insufficient evidence to sustain his conviction; (3) the trial court erred by failing to instruct the jury on lesser-included offenses; and (4) his trial counsel rendered ineffective assistance in various ways. On January 12, 2015, the trial court entered an order summarily denying Griffin's Rule 32 petition. *Id*. at 43.

Griffin appealed, pursuing the claims raised in his Rule 32 petition. Doc. 12-15. On May 20, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the denial of Griffin's Rule 32 petition. Doc. 12-21. Griffin applied for rehearing, which was overruled on June 17, 2016. Docs. 12-22 & 12-23. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on August 12, 2016. Docs. 12-24 & 12-25. On that date, a certificate of judgment was issued. Doc. 12-25.

On December 29, 2016, Griffin filed a second Rule 32 petition in the trial court. Doc. 12-26 at 7-29. In his second Rule 32 petition, Griffin asserted claims that (1) his arrest was unlawful; (2) the complaint filed in support of the arrest warrant did not contain specific facts; (3) he is actually innocent; (4) there was no proof of his complicity in murder; and (5) several constitutional laws were violated. On June 8, 2017, the trial court held a hearing on the Rule 32 petition. *Id*. at 87–98. After the hearing, on the same date, the trial court entered an order denying the Rule 32 petition. *Id*. at 33.

Griffin filed notice of appeal (Doc. 12-26 at 38), and the trial court appointed counsel to represent him in the appeal (*id*. at 81). Griffin's appellate counsel filed a no-

3

merit, "*Anders* brief"[3] stating she could find no meritorious issues for review. Doc. 12-27. Griffin was afforded an opportunity to submit pro se issues for appellate review, and he submitted essentially the same issues raised in his Rule 32 petition. Doc. 12-29. On May 25, 2018, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the denial of Griffin's Rule 32 petition. Doc. 12-30. Griffin applied for rehearing, which was overruled on June 22, 2018. Docs. 12-31 & 12-32. He filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on August 10, 2018. Docs. 12-33 & 12-34. On that date, a certificate of judgment was issued. Doc. 12-34.

**B.     Griffin's § 2254 Petition**

On January 23, 2020, Griffin filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. In his petition, Griffin asserts that (1) his arrest was unlawful; (2) he is actually innocent because the evidence showed he did not cause the victim's death; (3) the complaint filed in support of the arrest warrant was insufficient to charge him with murder; (4) his trial counsel rendered ineffective assistance in various ways; and (5) his appellate counsel was ineffective for failing to raise claims of ineffective assistance of trial counsel. Doc. 1 at 5–10.

Respondents argue, among other things, that Griffin's § 2254 petition is time-barred under the AEDPA's one-year statute of limitations and therefore he is not entitled to habeas review of his claims. Doc. 12 at 8–12.

---

[3] *Anders v. California*, 386 U.S. 738, 744 (1967).

## II. ANALYSIS

**A.     AEDPA's One-Year Statute of Limitations**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.     Discussion of Timeliness of Griffin's § 2254 Petition**

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Because Griffin sought certiorari review with the Alabama Supreme Court in the direct-review proceedings, the AEDPA's limitation period commenced 90 days after the September 12, 2014 issuance of a certificate of judgment in those proceedings. *See Pugh*, 465 F.3d at 1299. Ninety days after September 12, 2014, was December 11, 2014. However, as next discussed, statutory tolling under 28 U.S.C. § 2244(d)(2) temporarily tolled commencement of the limitation period because Griffin had an Alabama Rule 32 petition pending in the state trial court on December 11, 2014.

   **1.     *Statutory Tolling Under § 2244(d)(2)***

Under 28 U.S.C. § 2244(d)(2), the AEDPA's limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. On October 29, 2014, Griffin filed what was his first Rule 32 petition in the state trial court. Under § 2244(d)(2), the AEDPA's statute of limitations would remain tolled thereafter, until proceedings related to the Rule 32 petition concluded. The Alabama Supreme Court denied certiorari review and issued a certificate of judgment in Griffin's first Rule 32 appeal on August 12, 2016. With the conclusion of those

proceedings on August 12, 2016, the AEDPA's one-year statute of limitations began to run.

Griffin filed a second Rule 32 petition on December 29, 2016. Respondents argue that Griffin's second Rule 32 petition was not timely filed under state law, specifically, Ala. R. Crim. P. 32.2(c),[4] and therefore was not "properly filed" for purposes of tolling the federal limitation period under § 2244(d)(2). Doc. 12 at 9–10. In its June 8, 2017 order denying Griffin's second Rule 32 petition, the trial court did not state that its judgment was based on that petition's untimeliness under Ala. R. Crim. P. 32.2(c), even though that petition was filed well over one year after a certificate of judgment was issued in Griffin's direct-appeal proceedings. "When a state court has not addressed the timeliness of an application for collateral relief, the federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" *Bonds v. Davenport*, 2014 WL 2535177, at *5 (M.D. Ala. Jun. 5, 2014) (citations omitted). "Even if we were to accept that the [State] Court reached the 'merits,' consideration of the merits cannot alone convert a motion for post-conviction relief that no one disputes is time-barred under state law into a properly filed motion for tolling purposes under AEDPA." *Gorby v. McNeil,* 530 F.3d 1363, 1367 (11th Cir. 2008). If a Rule 32 petition is filed after expiration

---

[4] Rule 32.2(c), Ala. R. Crim. P., provides that "the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) in the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R. App. P."

of the limitation period in Ala. R. Crim. P. 32.2(c), it is not considered "properly filed" for purposes of tolling under § 2244(d)(2). *See, e.g., Kuenzel v. Allen*, 880 F. Supp. 2d 1162, 1167–68 (N.D. Ala. 2009), aff'd sub nom. *Kuenzel v. Comm'r, Alabama Dep't of Corr.*, 690 F.3d 1311 (11th Cir. 2012). Because Griffin's second Rule 32 petition was untimely filed under state law (i.e., under Ala. R. Crim. P. 32.2(c)), it was not "properly filed" and did not toll the statute of limitations under § 2244(d)(2). Consequently, when the AEDPA's statute of limitations in § 2244(d)(1)(A) began to run on August 12, 2016 (with the conclusion of proceedings on Griffin's first Rule 32 petition), it ran for a full year, unabated by any tolling event, before expiring on August 14, 2017 (the first business day after August 12, 2017). Thus, the federal statute of limitations expired over 29 months before Griffin filed this § 2254 petition on January 23, 2020.[5]

Even if Griffin's second Rule 32 petition is considered "properly filed" for purposes of § 2244(d)(2) tolling, his § 2254 petition is still untimely. Following the conclusion of Griffin's initial Rule 32 proceedings on August 12, 2016, the federal limitation period ran

---

[5] The alternative triggering provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) provide no safe harbor for Griffin such that the AEDPA's statute of limitations expired on some date later than August 14, 2017. There is no evidence that an unlawful state action impeded Griffin from filing a timely § 2254 petition, *see* § 2244(d)(1)(B); Griffin presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" *see* § 2244(d)(1)(C); and Griffin submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D).

8

for 139 days until Griffin filed his second Rule 32 petition on December 29, 2016.[6] Proceedings on the second Rule 32 petition concluded on August 10, 2018 (with issuance of the certificate of judgment in the second Rule 32 appeal). Griffin then had 226 (365 – 139) days of the applicable limitation period remaining within which to file a § 2254 petition. Therefore, even if Griffin's second Rule 32 petition may be considered properly filed, the time allowed for Griffin to file a § 2254 petition expired on March 25, 2019, approximately 10 months before his filing of his § 2254 petition on January 23, 2020.

### 2. *Equitable Tolling*

The AEDPA's statute of limitations may be equitably tolled on grounds besides those in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is

---

[6] Section 2244(d)(2) operates as a "stop-start" provision that requires a court to consider any time during which no state action is pending. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

warranted." *Hunter*, 587 F.3d at 1308. "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. Here, Griffin makes no argument that he is entitled to equitable tolling, and the Court knows of no reason that would support equitable tolling of the limitation period in his case. Griffin's § 2254 petition is therefore time-barred under 28 U.S.C. § 2244(d)(1)(A).

**C.    Actual Innocence**

Griffin claims he is actually innocent of the offense of murder for which he was convicted. Doc. 1 at 7, 13–14. The AEDPA's statute of limitations can be overcome—opening the door to review of constitutional claims in an otherwise time-barred § 2254 petition—by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Griffin argues he is actually innocent of murder because "the evidence reveals Petitioner never caused the death of any victim and another person shot the victim and caused the death of the victim by shooting the victim." Doc. 1 at 7. Griffin's argument appears to be based on a legal theory that he could not be guilty of murder if he was not the actual triggerman. This is not "new reliable evidence" under the *Schlup* standard. The State's evidence, and the evidence upon which Griffin was convicted, was that Griffin handed his gun to his accomplice Kelvin Mitchell and told Mitchell to shoot Quinton Thomas, which Mitchell did, killing Thomas.

Griffin does not present new evidence demonstrating his innocence. He merely argues for his own favorable interpretation of the trial evidence presented to the jury, which convicted him after considering that same evidence. Essentially, Griffin reargues the sufficiency of the State's evidence while presenting his own theories on how the evidence should have been weighed and the legal import of the evidence. Such arguments, predicated on Griffin's own interpretations of the import and credibility of the evidence presented at trial, will not sustain a claim of actual innocence. *See Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012) (allegations going to sufficiency of and/or weight afforded

11

the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

Griffin fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*. As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Griffin's is not such a case. Because the actual-innocence exception does not apply here, the claims in Griffin's untimely § 2254 petition are not subject to federal habeas review.[7]

## III.  CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that Griffin's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice, because the petition was filed after expiration of the statute of limitations in 28 U.S.C. § 2244(d).

---

[7] The Eleventh Circuit has left open the question of whether federal habeas courts may entertain "freestanding" actual-innocence claims in non-capital cases. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007). However, assuming for the sake of argument that Griffin may assert his "actual innocence" claim as a freestanding, "non-gateway" claim, such a claim would still be subject to AEDPA's procedural restrictions, including the statute of limitations in § 2244(d). *See, e.g., Moody v. Thomas*, 89 F. Supp. 3d 1167, 1270–71 (N.D. Ala. 2015) (freestanding actual-innocence claim, if cognizable, was subject to exhaustion requirement). Such a claim, if taken as a freestanding actual-innocence claim, is time-barred, like all of Griffin's other claims, under § 2244(d)(1)(A).

It is further ORDERED that the parties shall file any objections to this Recommendation by **August 22, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of August, 2022.

     /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE